## LEIGHTON *vs*. TWOMBLY.

Where a person has been summoned to attend court as a witness, and his fees have been paid him, but he neglects to attend, assumpsit will not lie for money had and received, to recover the money back.

ASSUMPSIT, for money had and received.

It appeared on the trial, that the plaintiff, having a case pending in the court of common pleas, summoned the defendant to attend as a witness, on the Monday following the third Tuesday of April, 1836, at Rochester, and paid her two dollars, as fees to compel her attendance.

The defendant, in consequence of this summons, made preparation to attend, by engaging a person to carry her there, and employing another person as house-keeper during her contemplated absence.

After the defendant was summond, the plaintiff requested one Moses Gilman to tell her she need not attend ; and on the Sunday evening previous to the day she was required to attend, Gilman went to her house, and asked her if she was going to court, to which she answered that she was ready. He then told her his orders were for her to give up the money, or be at court the next morning at ten o'clock ; and told her if she had rather go to court than give up the money, she might go and stay till she had spent it. He further told her, that the plaintiff requested her not to go if she would give up the money, and that there would not be any trial at said court. The defendant, in consequence of this information, did not attend.

The plaintiff afterwards, in May, requested the money of the defendant, but she declined delivering it to him.

The defendant offered evidence that she had been at some expense and trouble in preparing to attend court, in obedience to said summons—to which the plaintiff objected, as incompetent ; but it was admitted, and this matter being sub-

mitted to the jury, by consent, they found that the defendant reasonably deserved to have two dollars for such trouble and expense.

A general verdict was thereupon taken for the defendant ; and it was agreed that judgment should be rendered thereon, or the verdict set aside and judgment entered for the plaintiff, according to the opinion of the superior court upon the foregoing case.

*Merrill,* and *Bell,* for the plaintiff.

*Norris,* and *Christie,* for the defendant.

UPHAM, J.   The attendance of a witness in civil cases is compelled by means of a subpœna, which is a judicial writ, commanding the witness to appear at the trial, to testify for the plaintiff, or defendant, or " to answer for his default thereon under the pains and penalties of the law in that behalf made and provided."

If a witness wilfully neglect to attend upon subpœna, he is guilty of a contempt of court, for which he is liable to an attachment, and to " an action for all damages which the aggrieved party shall sustain by reason of such default or refusal."   1 *Star. Ev.* 111 ; *N. H. Laws* 98.

The process requiring the attendance of the witness is wholly compulsory, and does not partake of the nature of a contract.   This action, therefore, which is based on the ground of a promise of attendance as a witness, or repayment of the money received, is misconceived.

Could the claim have been sustained as a contract, it was fully met by the defence, and the defendant would have been entitled to judgment.

But the facts presented in defence make no difference as to the real question at issue, which is solely whether any implied assumpsit of attendence, or repayment of fees received, arises on the due service of a subpœna upon a witness.

In this case the money was voluntarily received; but it was received as part of the service of legal process, and it imposed no other obligation than subjection to the penalties of the law in cases of neglect to comply with its requirements. The circumstances raise no promise, express or implied, of repayment of the money in case the attendance should become unnecessary, or should be refused. There must, therefore, be

*Judgment for the defendant.*